## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| KENNETH WILLIS GIBBS-EL, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> FLOYD COUNTY SUPERIOR COURT, et al., ) <br> ) <br> Defendants. ) | No. 1:12-cv-682-JMS-DML |

### Entry and Order Dismissing Action

### I.

"A complaint must always . . . allege 'enough facts to state a claim to relief that is plausible on its face,'" *Limestone Development Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803 (7th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). This plausibility requirement is defeated when a plaintiff pleads himself out of court "by alleging facts that show there is no viable claim." *Pugh v. Tribune Co.,* 521 F.3d 686, 699 (7th. Cir. 2008); *see also Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990) ("Dismissal under Rule 12(b)(6) can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."). Pro se complaints such as that filed by Gibbs-El are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch,* 517 F.3d 489, 491 n.2 (7th Cir. 2008).

The plaintiff's most recent filing makes clear that he is seeking his release from confinement through the filing of this action. The exclusive federal remedy for such a claim is through an action for a writ of habeas corpus. *See, e.g., Muhammad v. Close,* 540 U.S. 749, 750-52 (2004). The clarification the plaintiff has provided shows that he cannot obtain the relief he seeks through an action brought pursuant to 42 U.S.C. § 1983. Additionally, the court is not free to convert the civil rights action to a habeas action. *Moore v. Pemberton,* 110 F.3d 22 (7th Cir. 1997); *Copus v. City of Edgerton,* 96 F.3d 1038 (7th Cir. 1996).

## II.

For the reasons explained above, the complaint fails to survive the screening required by ' 1915A because it fails to contain a legally viable claim for the relief which is sought. Dismissal of the action pursuant to 28 U.S.C. ' 1915A(b) is therefore mandatory, *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002), and judgment consistent with this Entry shall now issue. The dismissal shall be without prejudice.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

**Date:** 07/25/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution:**

Kenneth W. Gibbs-El
DOC #30344
Miami Correctional Facility
3038 West 850 South
P.O. Box 900
Bunker Hill, IN 46914